# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | |
|---|---|
| JORGE SANTO CABALLERO-MELGAR ) | |
| ) | |
| MOVANT/DEFENDANT ) | Criminal Action No. 1:17CR-00035-GNS |
| V. ) | Civil Action No. 1:24CV-00043-GNS |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| RESPONDENT/PLAINTIFF ) | |
| ) | |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Comes now the Defendant, **Jorge Santos Caballero-Melgar**, by and through undersigned counsel, and respectfully submits this Supplemental Memorandum in Support of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This supplemental filing is submitted to expand upon the grounds previously raised in the original motion and to provide additional factual and legal support for the defendant's claims of ineffective assistance of counsel. This supplemental memorandum is submitted pursuant to the Court's Order permitting supplemental briefing following the evidentiary hearing held on July 30, 2025.

**I. Legal Standard**

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant claiming ineffective assistance of counsel must show (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense. Counsel's performance is deficient when it falls below an objective standard of reasonableness under prevailing professional norms. Prejudice is

1

established by showing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

## II. Grounds for Relief

**Ground One: Trial counsel's failure to effectively explain the doctrine of accomplice liability**

In the plea-bargaining context, counsel has a duty to provide the defendant with sufficient information to make an informed decision whether to accept or reject a plea offer. *Missouri v. Frye*, 566 U.S. 134, 145 (2012). Further, under the Kentucky Rules of Professional Conduct, SCR 3.130(1.4), "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Trial counsel failed to satisfy this duty by not adequately explaining the doctrine of accomplice liability, thereby depriving the defendant of the ability to make an informed decision regarding whether to accept a plea offer or proceed to trial.

At the evidentiary hearing, trial counsel admitted that "accomplice liability was a huge hurdle, frankly, that we never overcame with Mr. Melgar." *Evidentiary Hearing Tr.* 32:14–15, July 30, 2025. Trial counsel further testified that the defendant "just didn't understand that he could be convicted of a murder when he did not have the gun, he did not fire the gun, and he did not shoot anybody." *Id.* at 32:4–7. This demonstrates that counsel was aware of the defendant's misunderstanding but failed to take reasonable steps to correct it.

Trial counsel also acknowledged that the defendant's lack of understanding greatly hindered plea negotiations. Counsel testified:

> Because there was never an offer ever that did not ask for an admission that he was part of or accomplice—or through accomplice liability responsible for that death either. He was going to have to plead to murder under any of the offers that we received, and that essentially stopped the discussion each time.

*Id.* at 33:21–25. This record establishes that trial counsel's inability to clearly explain the legal implications of accomplice liability prevented the defendant from understanding the nature of the charges and the consequences of rejecting the plea offers. Such a failure constitutes objectively unreasonable performance under *Strickland* and the professional standards articulated in SCR 3.130(1.4).

Trial counsel's deficient performance prejudiced the defendant. Because he did not understand that he could be found guilty of murder as an accomplice even if he did not personally fire the weapon, the defendant rejected a plea agreement that would have resulted in a 336-month sentence. Instead, he proceeded to trial and received a 460-month sentence, the maximum punishment available. Had trial counsel adequately explained the legal doctrine of accomplice liability and its application to the case, there is a reasonable probability that the defendant would have accepted the government's offer.

Trial counsel's failure to adequately explain accomplice liability to the defendant violated both professional standards and constitutional guarantees under the Sixth Amendment. Further, this failure caused the defendant to reject a favorable plea agreement and receive a much harsher sentence.

**Ground Two: Trial counsel's failure to cross-examine key government witnesses**

The Sixth Amendment guarantees the right to effective assistance of counsel and the right to confront witnesses through cross-examination. "In our adversarial system of justice, a defendant's right to cross-examination is an essential safeguard of fact-finding accuracy." *Higgins v. Renico*, 470 F.3d 624, 634 (6th Cir. 2006). Where counsel fails to challenge the credibility or reliability of the government's witnesses, the attorney fails to perform the essential duties of an advocate.

In this case, trial counsel failed to cross-examine six of the twelve witnesses presented by the government. This failure deprived the defendant of the opportunity to expose weaknesses, inconsistencies, or bias in the testimony presented against him. The failure to conduct any cross-examination of half the government's witnesses cannot be deemed a reasonable trial strategy; rather, it reflects a lack of adequate preparation and engagement with the adversarial process.

In *Higgins v. Renico*, 362 F. Supp. 2d 904 (E.D. Mich. 2005), *aff'd*, 470 F.3d 624 (6th Cir. 2006), the court held that trial counsel rendered ineffective assistance by failing to cross-examine a key prosecution witness due to lack of preparation, finding that such inaction "fell below an objective standard of reasonableness under prevailing professional norms" and "was not a reasonable strategic decision entitled to deference." *Id.* at 916–17. The same principle applies here.

At the evidentiary hearing, trial counsel admitted that he did not interview any government witnesses prior to trial. *Evidentiary Hearing Tr.* 85:15–25, July 30, 2025. This failure left counsel unprepared to confront or challenge the government's evidence. Trial counsel testified that he did not cross-examine eyewitness Rosio Lucero claiming this was part of his "trial strategy." *Id.* at 48:12–14. Yet he simultaneously conceded, "we thought we knew what they were going to say, but we really didn't. So a lot of it we were flying by the seat of our pants until we knew exactly what was—what they had been sworn in on." *Id.* at 48:14–19. This admission demonstrates not strategy, but unpreparedness.

In addition to Rosio Lucero, trial counsel also failed to cross-examine several other key government witnesses, including:

- **Detective Mike Nade, lead detective, Bowling Green Police Department**. Trial Tr. Vol. 2, 64:23–24, *United States v. Jorge Santos Caballero-Melgar,* No. 1:17-CR-00035 (W.D.Ky. Apr. 28, 2021); *Evidentiary Hearing Tr.* 49:20–23, July 30, 2025.

- **Special Agent William Kurtz, FBI**. Trial Tr. Vol. 2, 179:18–19, *United States v. Jorge Santos Caballero-Melgar,* No. 1:17-CR-00035 (W.D.Ky. Apr. 28, 2021); *Evidentiary Hearing Tr.* 52:16–25, 53:1–3, July 30, 2025.

- **Michele Chaput, manager, Check Into Cash, Nashville**. Trial Tr. Vol. 2, 188:8, *United States v. Jorge Santos Caballero-Melgar,* No. 1:17-CR-00035 (W.D.Ky. Apr. 28, 2021); *Evidentiary Hearing Tr.* 49:24–50:4.

- **Special Agent Donald Suchy, Homeland Security Investigations**. Trial Tr. Vol. 4, 87:25, *United States v. Jorge Santos Caballero-Melgar,* No. 1:17-CR-00035 (W.D.Ky. Apr. 28, 2021).

- **Special Agent Sean Laferte, FBI**. Trial Tr. Vol. 4, 101:12–13, *United States v. Jorge Santos Caballero-Melgar,* No. 1:17-CR-00035 (W.D.Ky. Apr. 28, 2021); *Evidentiary Hearing Tr.* 52:16–25, 53:1–3, July 30, 2025.

Counsel acknowledged that his decisions not to cross-examine these witnesses were "made in the moment" and "in the process of listening to their testimony." *Id.* at 53:10–11. These were not informed, premeditated tactical choices, but spontaneous decisions made without proper preparation. Moreover, trial counsel stated that the decision to not cross-examine the witnesses was not discussed with the defendant. *Id. at 53:14-15*. In fact, the defendant testified that he was not able to speak with his attorney during trial recesses or breaks. *Id.* at 95:24–96:4. As the Supreme Court emphasized in *Strickland*, effective counsel must "consult with the defendant on important decisions." *Strickland v. Washington,* 466 U.S. 668, 688 (1984). The decision to forego cross-examination of half the government's witnesses plainly qualifies as such an important decision.

Furthermore, trial counsel's limited cross-examinations of three of the co-conspirators—Elmer Manual Ordonez Sanchez, Elvin Sanchez, and Junior Esteban Bueso—were perfunctory and superficial, consisting primarily of fewer than ten questions focused solely on their plea agreements and sentencing. Trial Tr. Vol. 3, pp. 48–49, 81–85, 98–101*, United States v. Jorge Santos Caballero-Melgar,* No. 1:17-CR-00035 (W.D.Ky. Apr. 28, 2021). Trial counsel failed to challenge these witnesses on material inconsistencies or credibility issues that could have cast doubt on the prosecution's case.

Because cross-examination is fundamental to the truth-finding process, trial counsel's failure to engage in meaningful examination of the majority of the government's witnesses constitutes deficient performance under *Strickland*. There is a reasonable probability that, had counsel adequately prepared for and conducted cross-examination, the outcome of the trial would have been different.

**Ground Three: Ineffective Assistance of Counsel Under the Totality of the Circumstances**

The Supreme Court has made clear that "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Supreme Court has acknowledged "that trial-level errors that would be considered harmless when viewed in isolation of each other might, when considered cumulatively, require reversal of a conviction." *Campbell v. United States*, 364 F.3d 727, 736 (6th Cir. 2004).

In this case, the cumulative effect of trial counsel's repeated failures rendered the defense constitutionally ineffective. Specifically, trial counsel's deficient performance included the following failures:

- Failed to file any substantive pretrial motions. *Evidentiary Hearing Tr.* 40:21–24, July 30, 2025.

- Failed to subpoena or call defense witnesses despite being provided their names and contact information by the defendant. *Id.* at 42:23–25, 45:11–14, 92:21–93:8.

- Failed to retain a cell phone expert to rebut the government's technical evidence, even though counsel acknowledged that the prosecution's testimony was "impactful" and "very damning." *Id.* at 67:4–14.

- Failed to make an opening statement. Trial Tr. Vol. 2, 13:6–8; Vol. 5, 19:8–11, *United States v. Jorge Santos Caballero-Melgar,* No. 1:17-CR-00035 (W.D.Ky. Apr. 28, 2021).

- Agreed to the modified *Pinkerton* jury instruction which did not incorporate every element of the Sixth Circuit pattern instruction regarding *Pinkerton* liability, and

6

therefore, waived the ability to raise the issue of the instruction's completeness on appeal. *Id.* at Vol. 5, 12:1-10.

- Failed to file any post-trial motions. *Evidentiary Hearing Tr.* 57:3–7, July 30, 2025.
- Failed to file a sentencing memorandum. *Id.* at 57:12–14.
- Failed to move for judgment notwithstanding the verdict. *Id.* at 57:5–11.
- Failed to object to the leadership enhancement. *Id.* at 61:1–11.

Each of these omissions alone could represent a departure from professional norms. Taken together, they demonstrate a pervasive lack of preparation, advocacy, and diligence that deprived the defendant of a fair trial and sentencing proceeding. Trial counsel's overall performance fell far below the constitutional minimum guaranteed by the Sixth Amendment.

The cumulative deficiencies described above "undermine confidence in the outcome" of the trial. *Strickland*, 466 U.S. 668, 694 (1984). When viewed collectively, these errors prevented the adversarial process from functioning as intended and denied the defendant a fair opportunity to defend himself.

### III. Conclusion

For the reasons set forth herein and in the original § 2255 motion, the defendant has demonstrated that trial counsel's performance fell below an objective standard of reasonableness and that these deficiencies prejudiced the outcome of the proceedings. Trial counsel's repeated failures, both individually and cumulatively, undermined the integrity of the adversarial process and deprived the defendant of the effective assistance of counsel guaranteed by the Sixth Amendment.

Accordingly, the defendant requests that this Honorable Court grant relief pursuant to 28 U.S.C. § 2255, vacate the conviction and sentence, and order such other and further relief as justice requires.

*/s/ DAWN L. MCCAULEY*
HON. DAWN L. MCCAULEY
144 West Main Street
Lebanon, Kentucky 40033
(270) 692-0684
lebanonlawyer@cs.com
Counsel for Movant

## CERTIFICATE OF SERVICE

On this the 9th day of October 2025, the foregoing Supplemental Memorandum was filed electronically with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to counsel of record.

*/s/ DAWN L. MCCAULEY*
DAWN L. MCCAULEY
