UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF/RESPONDENT |
| v. | Criminal Action No. 1:17-CR-35-GNS<br>Civil Action No. 1:24-CV-43-GNS |
| JORGE SANTOS CABALLERO-MELGAR | DEFENDANT/MOVANT |

### UNITED STATES' POST-HEARING BRIEF

On July 30, 2025, this Court held an evidentiary hearing to develop the record as to Jorge Santos Caballero-Melgar's petition pursuant to 28 U.S.C. § 2255. As discussed in Caballero-Melgar's supplemental memorandum in support of the defendant's motion to vacate, set aside, or correct sentence pursuant to U.S.C. § 2255, as a result of the testimony elicited at the hearing, three additional claims of ineffective assistance of counsel are before the Court. (*See* DN 688, Caballero-Melgar's Supplemental Memorandum, PageID # 4477-82). First, Caballero-Melgar alleges his trial counsel, Bryce Caldwell, was ineffective in failing to effectively explain the doctrine of accomplice liability. Second, Caballero-Melgar alleges Mr. Caldwell was ineffective based on his failure to cross-examine key government witnesses. Lastly, Caballero-Melgar claims that under the totality of the circumstances Mr. Caldwell failed to provide effective assistance of counsel. The United States submits that Caballero-Melgar has failed to meet his burden establishing ineffective assistance of counsel and his petition to vacate, set aside, or correct his conviction should be denied.

### LEGAL STANDARD

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court outlined the two elements required for prevailing on a claim of ineffective assistance of counsel: (1) a counsel's

deficiency must fall below a standard of reasonableness and (2) that deficiency must severely prejudice the defendant. The prejudice to the defendant from the ineffective assistance must be so great that there is a reasonable probability that the result of the trial would have been different. *Id*. at 697. A failure to make the required showing of either deficient performance or sufficient prejudice defeats the entire ineffective assistance claim. *Id*. at 700.

**I.     Caballero-Melgar's Supplemental Claim (1) fails to satisfy the two requirements necessary to prove ineffective assistance of counsel.**

In his first supplemental claim, Caballero-Melgar alleges trial counsel was ineffective based on "[t]rial counsel's failure to adequately explain accomplice liability to the defendant". (DN 688, PageID # 4478) The defendant claims that trial counsel failed to adequately explain the doctrine of accomplice liability to the defendant, which thereby impeded the defendant's ability make informed decisions regarding plea negotiations. (*Id.* at PageID # 4477)

To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687. Here, Caballero-Melgar fails to show Mr. Caldwell's performance was both deficient and prejudicial. As trial counsel outlined in the hearing, Mr. Caldwell provided the defendant with examples of accomplice liability. Mr. Caldwell testified that he provided the example of a bank robbery wherein the getaway driver is equally responsible for a murder committed by a codefendant during the commission of a bank robbery. (DN 686, Evidentiary Hearing Transcript, Caldwell Direct, PageID # 4210) It appears that rather than a lack of understanding of the doctrine of accomplice liability, Caballero-Melgar had a disagreement with the law.

The defendant's claim that counsel was aware of the defendant's misunderstanding, but that he failed to take reasonable steps to correct the misunderstanding is false. Again, as demonstrated by Mr. Caldwell's testimony, he even provided the defendant with examples of the

law's application. The defendant simply refused to accept the law on this issue and to plead to any offense which included the murder. Mr. Caldwell testified that he told the defendant that they should try to resolve the case because if they went to trial, Caballero-Melgar was looking at life. (*Id*. at PageID # 4211) Caballero-Melgar even testified that it was his decision to proceed to trial because he did not want to plead guilty to the murder charge. (*Id*. at PageID # 4278) Mr. Caldwell's explanation that a refusal to settle the case would likely lead to a life sentence is indicative of his explanations to the defendant of the likely consequences. A defendant's refusal to accept the law and possible outcomes of the charged offenses, when, as in this case, counsel has fully advised the defendant of the risks of trial, does not render counsel's performance as deficient. Accordingly, as to supplemental claim (1), the defendant fails to show that counsel's performance was both deficient and prejudicial.

**II.    Caballero-Melgar's Supplemental Claim (2) fails to satisfy the two requirements necessary to prove ineffective assistance of counsel.**

In his second supplemental claim, Caballero-Melgar alleges that trial counsel was ineffective when he failed to cross-examine half of the government witnesses. (DN 688, PageID # 4478-81) This claim also fails. Although an entire failure to subject the prosecution's case to a meaningful adversarial testing can constitute ineffective assistance of counsel, the Sixth Circuit has upheld convictions and found counsel's performance to be effective even when counsel failed to make an opening statement or cross examine key government witnesses. *See Moss v. Hofbauer*, 286 F.3d 851 (6th Cir. 2002).

> Examples of performance giving rise to per se prejudice that are cited in *Moss* include counsel sleeping through critical proceedings, *Burdine v. Johnson,* 262 F.3d 336, 349 (5th Cir.2001), expressing contempt and "unmistakable personal antagonism" toward the client in the presence of the jury, *Rickman v. Bell,* 131 F.3d 1150, 1156–60 (6th Cir.1997), and affirmatively declining to present a defense because of an unsound trial strategy, *Martin v. Rose,* 744 F.2d 1245, 1250–51 (6th Cir.1984).

*Ivory v. Jackson*, 509 F.3d 284, 295 (6th Cir. 2007).

Here, trial counsel made calculated decisions on which witnesses to cross examine as part of their trial strategy. The evidentiary hearing testimony provides support for this notion. During Mr. Caldwell's testimony he stated,

> We went through potential cross of every witness that we thought or we anticipated. The first, I think, two or three witnesses we didn't ask a question. … We had a cross prepared for them, but after hearing their direct testimony, we – and really me, but I ran it by him and said, "I don't think I'm going to gain anything here. I think I can only do some harm by giving him more opportunity" – and, … I'd been asking questions and not knowing what the answers were. We thought it was better to not ask them anything. I thought we were only going to do damage for Mr. Melgar's case.

(DN 686, Evidentiary Hearing Transcript, Caldwell Direct, PageID # 4224-25)

> Q. So you, as part of your trial strategy, decided to not ask any questions of the lone eyewitness that testified?
>
> A. Yes, but she was not saying that Mr. Melgar was there in that store. That was the big issue there. I thought it was better to say, "What you didn't hear from people was that Mr. Melgar was not in that store, was not part of that robbery, did not have a gun." They also didn't have anybody at that store other than the two individuals that admitted to the crime itself. There wasn't any other eyewitnesses to say that Mr. Melgar supplied the guns to the two individuals that had it. That's where we decided to place our ability to make better arguments, and we left her alone.
>
> Q. Understood. But you didn't ask her specifically whether she saw Mr. Caballero-Melgar in the store?
>
> A. But she didn't say that in her testimony, so we weren't asking her that. That was already established in my opinion, yeah.
>
> Q. So that was a strategy decision you thought that was already --
>
> A. Oh, absolutely, yeah. Because especially with her and some of the other ones, you know, we thought we knew what they were going to say, but we really didn't. So a lot of it we were flying by the seat of our pants until we knew exactly what was -- what they had been sworn in on said in front of this jury and were married to from that point on. And in evaluating that on the fly at that time -- and sometimes it was consistent with what we thought they were going to say and, you know, there wasn't any shocks. But, again, it was in a triage sense of defense, which was we need to be able to pick where we can make our arguments and where we can't, and

> if we can't, don't start putting questions out there that we're not going to like the answers to, potentially. So, yes, it was strategy.

(*Id*. at PageID # 4225-27).

Mr. Caldwell testified that his strategy was to "Do no harm". (*Id.* at PageID # 4251-52). During the hearing, counsel provided sound explanations for why decisions were made. Counsel was strategic in which witnesses they questioned based on their experience as seasoned trial attorneys. Hence, the defendant fails to demonstrate how counsel's performance fell below a standard of reasonableness or how he was prejudiced under *Strickland*.

### III.     Caballero-Melgar's Supplemental Claim (3) fails to satisfy the two requirements necessary to prove ineffective assistance of counsel.

In his third supplemental claim, Caballero-Melgar alleges that "the cumulative effect of trial counsel's repeated failures rendered the defense constitutionally ineffective." (DN 688, PageID # 4481-82) Caballero-Melgar lists several issues, including counsel's failure to make an opening statement or subpoena or call defense witnesses, which he believes creates the cumulative effect of ineffective assistance of counsel. (*Id*.) However, even taken as a whole, the defendant has failed to meet his burden of establishing ineffective assistance of counsel.

"A trial counsel's failure to make an opening statement, however, does not automatically establish the ineffective assistance of counsel." *Moss v. Hofbauer*, 286 F.3d 851, 863 (6th Cir. 2002)(citing *United States v. Haddock,* 12 F.3d 950, 955 (10th Cir.1993); *United States v. Rodriguez-Ramirez,* 777 F.2d 454, 458 (9th Cir.1985) ("The timing of an opening statement, and even the decision whether to make one at all, is ordinarily a mere matter of trial tactics and in such cases will not constitute the incompetence basis for a claim of ineffective assistance of counsel."); *United States v. Salovitz,* 701 F.2d 17, 20-21 (2d Cir.1983)(noting that trial counsel's decision to waive an opening statement is often a matter of trial strategy "and ordinarily will not form the

basis for a claim of ineffective assistance of counsel")). Hence, Mr. Caldwell's failure to make an opening statement did not render his assistance ineffective.

The defendant also sites a failure to file substantive pretrial motions and a sentencing memorandum. Mr. Caldwell testified that the only pre-trial motion he felt like he had a good faith basis to file would have been a motion *in limine* to exclude some of the video from the store. (DN 686, Evidentiary Hearing Transcript, Caldwell Direct, PageID # 4217). Mr. Caldwell indicated that he ended up not needing to file the motion because an agreement was reached with the United States. (*Id*. at PageID # 4218). Thus, this was just another example is counsel's effective advocacy on behalf of Caballero-Melgar.

As for trial counsel's failure to file a sentencing memorandum, "Numerous courts, both within this circuit and outside, have held that counsel's performance was not inadequate when he or she failed to file a sentencing memorandum." *United States v. Jennings*, No. CIV.A. 2:11-7157-DCR, 2011 WL 3046319, at *3 (E.D. Ky. July 25, 2011) (collecting cases). Although the defendant claims trial counsel was ineffective for failing to file a sentencing memorandum, the defendant fails to establish how counsel's failure prejudiced him. Thus, trial counsel's failure to file a sentencing memorandum in this case did not render his representation ineffective.

The defendant also claims counsel was ineffective for failing to call defense witnesses. However, during the evidentiary hearing, Caballero-Melgar testified that the two witnesses he wanted trial counsel to call did not have any firsthand knowledge of the underlying facts or evidence in the case but rather would have testified as to the defendant's character. (DN 686, Evidentiary Hearing Transcript, Caballero-Melgar Cross, PageID # 4282-84) Thus, the defendant fails to demonstrate how the proposed witness testimony would have resulted in a different trial outcome.

The defendant claims that the examples he lists represent a "departure from professional norms" and that they demonstrate a "lack of preparation, advocacy, and diligence" on behalf of the defendant. (DN 688, PageID # 4482) Yet, the record provides a different side of the story, which provides support for a finding that trial counsel provided effective assistance of counsel for the defendant. Counsel's performance was not deficient, and the defendant has failed to show any prejudice.

## CONCLUSION

Based on the foregoing, as well as the United States' previous response (DN 670), this Court should deny Caballero-Melgar's Motion based on his claims of ineffective assistance of counsel because it fails on the merits.

Respectfully Submitted,

KYLE G. BUMGARNER
UNITED STATES ATTORNEY

s/*Alicia P. Gomez*
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
Tel - (502) 582-6326
Fax- (502) 582-5097
alicia.gomez@usdoj.gov

## CERTIFICATE OF SERVICE

On November 7, 2025, I electronically filed this document through the ECF system, which will notify all counsel of record.

s/*Alicia P. Gomez*
Assistant United States Attorney