FILED
JAMES J. VILT, JR. - CLERK
JAN 20 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO.1-17-CR-00035-GNS-HBB-1
CIVIL ACTION NO.1-24-CV-00043-GNS

JORGE SANTOS CABALLERO-MELGAR                                    MOVANT/DEFENDANT

VS.

UNITED STATES OF AMERICA                                          RESPONDENT/PLAINTIFF

28 U.S.C. SECTION 2255

MOVANT'S PROSE APPLICATION FOR COA
WITH MEMORANDUM IN SUPPORT

COMES NOW, Jorge Santos Caballero Melgar, the prose Movant in the above captioned § 2255 action, and moves under 28 U.S.C. § 2253(c)(1) and Rule 22(b)(1), Fed. R. App. P., by requesting from this Honorable Court the issuance of a Certificate of Appealibility, (C.O.A.) allowing Movant to seek appellate review of this Court's adjudication of Movant's § 2255 Motion.

I. BACKGROUND/PROCEDURAL HISTORY

Movant was indicted, tried by a jury, and convicted in the Western District of Kentucky for violation of various Federal including Conspiracy to interfere with commerce by robbery count-1; Conspiracy to carry or possess a firearm during a crime of violence count-2; interfered with commerce by robbery count-3; committed murder through the use of a firearm during a crime of violence; with illegal reentry after deportation and counts 6 and 7 did not charge Caballero Melgar (Id).

On May 3, 2021, at the conclusion of Caballero-Melgar's trial, the jury returned a verdict of guilty as to Counts 1,2,3,4 and 5 in the superseding indictment (DK#540). On October 20, 2021, the Court sentenced the Movant to a total of 460 months imprisonment: 240 months each as to Counts 1,2,3; 460 months as to Count 4; and 120

1.

as to Count 5 of the superseding indictment to run concurrently (DK#579). Upon release, Movant would be under supervised release for two years as to each count to run concurrently (Id.).

Movant pursued a direct appeal (DK#582). In an opinion filed on July 31, 2023, a panel of the Sixth Circuit affirmed the judgment of this Court as he failed to show any error (DK#639).

On March 8, 2024, Movant, proceeding prose, filed a motion to vacate under 28 U.S.C. § 2255 (DK#647). Movant's motion to vacate raised the following four claims: GrounD One alleged that prior to trial, counsel provide ineffective assistance in violation of his Sixth Amendment rights by failing to communicate with him about relevant circumstances and consequences of pleading guilty versus going to trial, failing to file any pretrial motions, and failing to negotiate a more favorable plea agreement; Ground Two alleges that at trial, counsel provided ineffective assistance in violation of his Sixth Amendment rights by failing to inform him of defense strategy, defense theory, and any affirmative defenses available to him, failing to call witnesses to support his defense, and failing to adequately cross-examine prosecution witnesses, Ground Three alleged that at sentencing, counsel provided ineffective assistance in violation of his Sixth Amendment rights by faling properly discuss and explain the presentence report, failing to file objections to the report, and failing to argues for mitigation and object to the sentence imposed as unreasonable; Ground Four alleged that on appeal, counsel provided ineffective in violation of his Sixth Amendment rights failing to communicate with him about the issues be raised on appeal, failing to include him in the appeals process and raise additional claims, and failing to raise stronger issues than those included in the appeal (Id.). Caballero-Melgar asks the Court to vacate his conviction and sentence and, alternative, grant an evidentiary hearing to develop the record or any other relief to which the Court deems him entitled (Id.).

On December 30, 2025, the district court denied movant's motion § 2255. (DK#690).

## II. STANDARD FOR GRANTING C.O.A.

Under the Anti-Terrorism and Effective Death Penalty Act, (A.E.D.P.A.), the movant must obtain a COA before an appeal can be taken to the Sixth Circuit Court of Appeals, 28 U.S.C. § 2253(c)(1), Miller-El v. Cockrell, 537 U.S. 322 (2003)("[U]til a COA has been issued federal court's of appeal lack jurisdiction to rule on the merits of appeals from habeas petitioners". Pagan v. United States, 353 F.3d 1343 (11th Cir. 2003).

A COA will be granted if the movant makes a "substantial showing of the denial of a constitutional right." § 2253(c)(1) "A [Movant] satisfies this standard by demonstrating that jurist's of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. "The question is debatability of the underlying constitutional claim, not the resolution of the dedabe." id. at 342. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [Movant] will not prevail." id. at 338.

"[A] COA does not require a showing that the appeal will succeed. Accordingly, a [federal] court []should not decline the application for a COA merely because it believes the [Movant] will not demonstrate an entitlement to relief..." It is consistent with § 2253 that COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "has already failed in that endeavor." Miller-El, U.S. at 330. (quoting Barefoot v. Estelle, 463 U.S. 880 (1983) at N. 4.).

"Any doubt regarding whether to grant a COA is resolved in favor of the

3.

petitioner and the severity of the penalty ;;may be considered in making this determination." Graves v. Cockrell, 2003 U.S. App. LEXIS 16734 at #14 (5th Cir. 2003).

The district court's order adopting the Magistrates R&R did not address movant all specific objections as required by applicable statute.

The movant contends that the district court's judgment summarily deying §2255 relief was a decision that raises legal questions that reasonable jurist could find debatable. Moreover, reasonable jurist could debate as to wether or not the district court's final judgment was wrongly decided.

## QUESTION PRESENTED FOR COA

1. WHETHER MOVANT WAS DEPRIVED TO RECEIVE A FAVORABLE PLEA OFFER FOR INEFFECTIVE COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT.

2. THE TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS BY FAILING TO INFORM HIM OF DEFENSE STRATEGY, DEFENSE THEORY, AND ANY AFFIRMATIVE DEFENSE AVAILABLE TO HIM.

3. THE SENTENCING COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS BY FAILING TO COMMUNICATE WITH HIM ABOUT THE THE ISSUES TO BE RAISED ON APPEAL, FAILING TO INCLUDE HIM IN THE APPEALS PROCESS AND RAISE ADDITIONAL CLAIMS.

4. COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN VIOLATION OF HIS SIXTH AMENDMENT.

CONCLUSION

WHEREFORE, movant's prays this Honorable Court will see fit to grant a COA on one or more of the question above and allow movant to appeal this Court's disposition of § 2255 Motion.

Respectfully prayed for this ___ day of January, 2026

/s/ _____
Jorge S. Caballero-Melgar
Movant Prose

5.

Case 1:17-cr-00035-GNS-HBB    Document 694    Filed 01/20/26    Page 6 of 8 PageID #: 4533

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 8, 2026, I file this document to the court with a copy to the United States Attorney Office. This document was filed via F.C.I. Ray Brook, Mail system, with stamped envelope, certified and return receive.

Date: 01/08/26

UNITED STATES ATTORNEY
Monica Wheatley
Assistant U.S. Attorney
717 W. Broadway
Louisville, KY 40202

/s/ _____
Jorge Santos Caballero Melgar

Jorge S. Caballero Melgar # 91631-083
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

4534



"Legal Mail"

**RECEIVED**
JAMES J. VILT, JR. - CLERK

JAN 2 0 2026

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

⇔91631-083⇔
Us District Court
Clerk OF Court
241 EAST MAIN Street
Suite 120
Bowling Green, KY 42101-2175
United States

FCI RAY BROOK
P.O. BOX 300 RAY BROOK, NEW YORK

DATE: 01-16-2026

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosed to the above address."



CERTIFIED MAIL